UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:02CV-110-R

TRAVELERS CASUALTY & SURETY COMPANY                              PLAINTIFF

v.

WHITEHOUSE-FRANKLIN, LLC, et al.                                DEFENDANTS

**OPINION AND ORDER**

This matter is before the Court on the motion to vacate (Dkt. # 159) of Defendant Alfred K. Carpenter ("Carpenter"). Plaintiff Travelers Casualty & Surety Company ("Travelers") responded (Dkt. # 160), and this matter is now ripe for adjudication. For the reasons that follow, the Court **DENIES** Defendant's motion.

**BACKGROUND**

Defendant Whitehouse-Franklin LLC ("Whitehouse") undertook a subcontract for Turner Construction Company ("Turner Construction") in a construction job. As a part of this job Defendant Whitehouse obtained performance and payment surety bonds from Reliance Insurance Company ("Reliance"), a predecessor-in-interest to the Plaintiff.

Over time, the relationship between Defendant Whitehouse and Turner Construction deteriorated, until the end of November, 1999, when Turner terminated the subcontract and demanded payment from the Plaintiff on the bond. Defendant Whitehouse, in turn, claimed that Turner owed it approximately $450,000.00 for prior-completed work. Turner and Defendant Whitehouse agreed to submit their dispute to arbitration.

1

Prior to the arbitration the Plaintiff's predecessor-in-interest and Turner entered into an letter agreement, acknowledged by Defendant Whitehouse. This agreement provided that the Plaintiff's predecessor-in-interest would advance Turner certain monies to complete the work Defendant Whitehouse began, up to the penal sum of the bond. (*See* Dkt #58, Ex. 5.) The agreement also provided that the Plaintiff did not pass judgment on the validity of Turner's termination of the subcontract, and also that Turner would repay any monies advanced if the arbitrator ruled in Defendant Whitehouse's favor. In return, the Plaintiff's predecessor-in-interest agreed to be bound by the award in the arbitration. *Id.*

The arbitrators concluded that Turner did not breach its contract with Defendant Whitehouse, did not improperly terminate the contract, and that Defendant Whitehouse was only entitled to a small ($24,000.00) offset of the awarded to which Turner was entitled (over $1,400,000.00). The award specifically provided that it was "in full settlement of all claims submitted to this Arbitration. All claims not expressly granted herein are, hereby denied." (Dkt #58, Ex. 7.) The Plaintiff paid Turner and received in return its assignment of claim against Defendant Whitehouse. Neither Turner nor the Plaintiff applied to the Ohio courts to reduce the arbitrator's award to a judgment.

On March 22, 2005, this Court referred the matter to Magistrate Judge Whalin for a report and recommendation on several of the then-pending motions for summary judgment in the case. (Dkt. # 147). On March 31, 2005, Magistrate Judge Whalin issued findings of fact, conclusions of law and his recommendation as to the disposition of the motions in question. (Dkt. #156). Objections from either party were due by April 13, 2005; none were filed. On April 1, 2005, the Carpenters filed a petition for bankruptcy in Florida. On April 19, 2005, this

Court entered its order adopting Magistrate Judge Whalin's recommendations, granting judgment to Travelers on Counts I and III of its Amended Complaint and granting summary judgment to Travelers on the Defendants' First Amended Counterclaim against Travelers. (Dkt. # 158). On April 29, 2005, the Carpenters filed the present motion to vacate the order adopting Magistrate Judge Whalin's recommendations on the basis of the automatic stay provision in the Bankruptcy Code, 11 U.S.C. § 362(a).

## DISCUSSION

The two parts of the Court's April 19, 2005 order ("Order") must be analyzed separately for purposes of determining the effect, if any, of 11 U.S.C. § 362(a). That subsection provides, in relevant part, that "a petition filed under section 301, 302, or 303 of this title ... operates as a stay ... of (1) the commencement or continuation ... of a judicial ... proceeding *against the debtor*...." *Id.* (emphasis supplied). Therefore, as to the portion of the Order granting Plaintiff summary judgment on the Defendants' counterclaim against it, the automatic stay provision does not apply, because it is not a proceeding against the debtor. *Matter of U.S. Abatement Corp.*, 39 F.3d 563 (5th Cir. 1994).

The other portion of the Order, however, is a judicial proceeding against the Plaintiff. However, the Court's issuance of the Order does not constitute a "commencement or continuation" under 11 U.S.C. § 362(a), because the matter was already under submission to the Court at the time the Carpenters filed their bankruptcy action in Florida. *In Re Anderson*, 62 B.R. 448, 452-53 (Bankr. D. Minn. 1986). Here, as there, the matter was under advisement and neither party took any action after the bankruptcy was filed to "press the [action] to final Decree." *Id.* at 453. The court in *In Re Wilson*, facing a situation similar to ours, held that

"[w]here parties to a proceeding have concluded all activity and the court makes an oral ruling or takes the matter under advisement prepetition, the entry of a decision post-petition by the court is not an action which is stayed under §362(a)." 72 B.R. 956 (Bankr. M.D. Fla. 1987). Plaintiff correctly notes that it is stayed by § 362(a) from enforcing the judgment against the Carpenters, but the Order is unaffected by the Carpenters' bankruptcy.

## CONCLUSION

For the reasons outlined above, this Court concludes that Defendants' Motion to Vacate should be and hereby is **DENIED**.

**IT IS SO ORDERED.**